Diane OLSON, Lorrie Green, by her legal guardians, Michael and Jacqolyn Wright; and Jennifer Kay Bechen, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Michael REAGEN, Individually and in his capacity as Commissioner, Iowa Department of Human Services, Defendant,

v.

Otis R. BOWEN, Secretary United States Department of Health & Human Services, Third-party Defendant.

Civ. No. 85–101–A.

United States District Court, S.D. Iowa, C.D.

June 11, 1986.

## ORDER

STUART, District Judge.

The Court has before it plaintiffs' motion for relief from judgment and order, defendant Reagen's motion to amend judgment or stay enforcement, defendant Reagen's motion for summary judgment against the Secretary, and plaintiffs' itemized statement of costs and attorneys' fees.

On March 14, 1986, the Court entered an Order granting plaintiffs' motion for class certification and enjoining defendant Reagen from denying categorically needy Medicaid benefits to persons who have lost their eligibility for AFDC due to consideration of sibling or non-parental caretaker income. Plaintiffs now ask the Court to amend the definition of the certified class to comply with the definition set forth in plaintiffs' second amended and substituted complaint. Defendant Reagen has stated that he does not resist such an amendment. Plaintiffs' motion for relief from judgment and order will therefore be granted.

Defendant Reagen moves the Court to amend its judgment to allow defendant additional time to submit a plan for notice to class members and to notify the class members. Plaintiffs have stated that they do not resist defendant's motion. Accordingly, the Court's judgment will be amended as set forth below.

■ Defendant Reagen also moves the Court for summary judgment against the Secretary. Defendant asks the Court to declare that the Secretary's policy of denying categorical Medicaid eligibility to persons who have lost their eligibility for AFDC due to consideration of sibling or non-parental caretaker income is in violation of the Social Security Act. Defendant further asks the Court to permanently enjoin the Secretary from relying on said policy. The Secretary has no objection to this aspect of defendant's motion. Therefore, defendant's request will be granted.

■ In addition, defendant's motion for summary judgment asks that the Secretary be required to indemnify defendant for the costs of notifying class members, for any costs and attorneys' fees defendant is required to pay plaintiffs, and for defendant's own costs and attorneys' fees. Under the Equal Access to Justice Act, the Court may award costs and attorneys' fees to the prevailing party in any civil action brought against any agency or official of the United States. 28 U.S.C. §§ 2412(a) and (b). The statute does not appear to permit the award of the costs of class notice. The Secretary contends that defendant Reagen cannot be considered a prevailing party. The Court disagrees. Under the circumstances of this litigation, in which defendant Reagen has alleged in a third-party complaint that the Secretary required him to adopt the policy successfully

challenged by plaintiffs, it is fair to regard defendant Reagen as a prevailing party vis a vis the Secretary.

 Finally, the Court has before it plaintiffs' itemized statement of costs and attorneys' fees. Defendant Reagen acknowledges plaintiffs' right to, and the reasonableness of, the requested costs and fees, but asserts that the Secretary should be required to pay these expenses. The Secretary maintains that, because plaintiffs named as defendant only Commissioner Reagen, plaintiffs cannot recover costs and fees from the Secretary. Again, the Court disagrees. Throughout this litigation, plaintiffs have been arrayed against both defendant Reagen and the Secretary. Under the circumstances, it is appropriate to view plaintiffs as a prevailing party against the Secretary.

IT IS THEREFORE ORDERED that the Court's Order of March 14, 1986, is hereby amended to certify the following two subclasses:

a. All persons in the State of Iowa who, since December 1, 1984, have had or will have their Medicaid coverage terminated, denied or reduced as a result of the deeming, for AFDC eligibility purposes, of income of children or non-parental caretakers under 42 U.S.C. § 602(a)(38) and 42 U.S.C. § 602(a)(39); and

b. All persons in the State of Iowa who, since December 1, 1984, have had or will have their Medicaid coverage terminated, denied or reduced as a result of the deeming, for AFDC eligibility purposes, of the income of grandparents to minor children under 42 U.S.C. § 602(a)(39).

IT IS FURTHER ORDERED that defendant Reagen shall file within fourteen (14) days of the date of this Order a plan for notifying class members.

IT IS FURTHER DECLARED AND ORDERED that the Secretary is hereby permanently enjoined from denying categorically needy Medicaid benefits to persons who have lost their eligibility for Aid to Families With Dependent Children due to consideration of sibling or non-parental caretaker income.

IT IS FURTHER ORDERED that defendant Reagen is directed to file within fifteen (15) days of the date of this Order an itemized statement of costs and attorneys' fees. The Secretary will then have ten (10) days to respond to defendant Reagen's statement.

IT IS FURTHER ORDERED that the Secretary is hereby directed to pay to plaintiffs $8,150.50 for attorneys' fees and $386.60 for costs.